UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEBORAH CLARK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-cv-01569-JPH-MG |
| | ) |
| FAMILY DOLLAR STORES OF INDIANA, LLC, | ) |
| STRENGTH OF NATURE, LLC, | ) |
| | ) |
| Defendants. | ) |

**ORDER OVERRULING OBJECTION AND ADOPTING
REPORT & RECOMMENDATION**

After the parties settled this personal-injury case at mediation, they could not reach an agreement about some details of their settlement agreement. Defendants—Family Dollar and Strength of Nature—filed a motion to enforce the agreement reached at mediation, and Magistrate Judge Garcia recommended that the motion be granted, but only in part because the parties did not have a meeting of the minds on some of Defendants' proposed provisions. Defendants objected to the portion of that recommendation that would reject the provisions about "Mutual Confidentiality & Non-Disparagement." For the reasons below, Defendants' objection is **OVERRULED**, dkt. [79], and the Court **ADOPTS** Magistrate Judge Garcia's report and recommendation, dkt. [78]. Defendants' motion to enforce the settlement agreement is **GRANTED IN PART** under the adopted report and recommendation. Dkt. [73].

1

# I.
# Facts and Background

Ms. Clark brought this case in Indiana state court alleging that she suffered chemical burns from a hair relaxant product manufactured by Strength of Nature and sold by Family Dollar. Dkt. 1-2. Family Dollar removed the case to this Court. Dkt. 1.

Magistrate Judge Garcia later ordered the parties to engage in private mediation, which resulted in a signed Mediation Settlement Agreement. *See* dkt. 52; dkt. 71. In the Mediation Settlement Agreement, Ms. Clark agreed to settle her claim against Family Dollar and Strength of Nature for $10,000 and to "provide the defendants with an indemnifying release." Dkt. 74 at 11.

Defendants then provided a draft "Confidential Settlement Agreement and Release" ("Draft Agreement") for Ms. Clark to sign. *See id.* at 19–21, 23–30. Section 3.1 of the Draft Agreement called for "Mutual Confidentiality & Non-Disparagement." *Id.* at 26–27. Ms. Clark responded, by counsel, that she "declines to sign the" Draft Agreement and proposed striking section 3.1 and section 3.12—which provides that a breaching party pay damages from the breach "including reasonable attorneys' fees and expenses"—because they "do not meet the mediation agreement." *Id.* at 16–18, 36–37.

Defendants filed a Motion to Enforce Settlement Agreement, dkt. 73, "request[ing] that the Court require Plaintiff to execute the" Draft Agreement, dkt. 74 at 2. Ms. Clark opposed the motion, arguing that she did not understand the Mediation Settlement Agreement, but that if it is enforceable,

2

sections 3.1 and 3.12 of the Draft Agreement should be stricken because they were not included in the Mediation Settlement Agreement. Dkt. 75.

Magistrate Judge Garcia issued a Report and Recommendation, recommending that this Court hold that the parties reached an enforceable settlement because the Mediation Settlement Agreement's "terms are sufficiently definite and material to form a contract, and Plaintiff outwardly manifested her intent to be bound by these terms by signing the Mediation Settlement Agreement." Dkt. 78 at 5–6. He also recommended, however, that this Court strike sections 3.1 and 3.12 from the Draft Agreement because they were not contemplated in the Mediation Settlement Agreement and the Defendants submitted no evidence that there was a meeting of the minds on the two provisions. *Id.* at 7–10.[1]

Ms. Clark did not object to the Report and Recommendation, but Defendants filed an objection requesting the enforcement of section 3.1 of the Draft Agreement. Dkt. 79 at 2.

## II.
## Applicable Law

"The Federal Magistrate Act grants a district court judge the authority to refer a magistrate judge to conduct hearings and submit proposed findings of facts and recommendations." *Jackson v. United States*, 859 F.3d 495, 498 (7th Cir. 2017) (citing 28 U.S.C. § 636(b)(1)(B)). If a party objects to the

---

[1] Magistrate Judge Garcia also recommended that an additional sentence be stricken from the Draft Agreement since it only required Ms. Clark to notify the Court of the settlement—something that is now moot. Dkt. 78 at 7. No party objected to that recommendation. *See* dkt. 79.

3

recommendation, the "district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

### III.
### Analysis

Ms. Clark did not object to Magistrate Judge Garcia's Report and Recommendation, and Defendants object only to the recommendation that section 3.1 be stricken from the Draft Agreement. *See* dkt. 79. The Court therefore **ADOPTS** all other recommendations, including that the Mediation Settlement Agreement "is a valid, enforceable settlement agreement among the parties" and that the other challenged portions of the Draft Agreement should be stricken. *See Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 760 (7th Cir. 2009) ("If no party objects to the magistrate judge's action, the district judge may simply accept it."); *United States v. Moore*, 563 F.3d 583, 585 (7th Cir. 2009) (failure to object is waiver).

The Mediation Settlement Agreement included Ms. Clark's agreeing "to provide defendants with an indemnifying release." Dkt. 78 at 2. In recommending that section 3.1 not be included in the enforced settlement, Magistrate Judge Garcia reasoned that it is not an indemnifying release and that "nowhere in the Mediation Settlement Agreement is there a reference to confidentiality or non-disparagement. *Id.* at 8–9.[2]

---

[2] The contemplated indemnification and release provisions are included elsewhere in the Draft Agreement. Dkt. 74 at 24–25.

4

In their objection, Defendants do not dispute that section 3.1 is not contemplated in the Mediation Settlement Agreement. *See* dkt. 79. But they argue that it didn't have to be, because section 3.1's provisions are "standard and customary provisions included in similar types of litigation matters" rather than "essential terms" to the settlement agreement. Dkt. 79 at 2–3.

Defendants overstate the effects of section 3.1's provisions not being "essential terms." That means only that their absence from the Mediation Settlement Agreement does not undermine the existence of a contract to settle this case. *See Ochoa v. Ford*, 641 N.E.2d 1042, 1044 (Ind. Ct. App. 1994) ("The failure to demonstrate agreement on essential terms of a purported contract negates mutual assent and hence there is no contract."); *Johnson v. Sprague*, 614 N.E.2d 585, 590 (Ind. Ct. App. 1993) ("The documents the parties signed could have been more complete, but they are sufficient to form an enforceable . . . contract."). The provisions' non-essential nature does not mean that Defendants can add them later, unilaterally, with no meeting of the minds between the parties. *See MH Equity Managing Member, LLC v. Sands*, 938 N.E.2d 750, 757–58 (Ind. Ct. App. 2010).

If Defendants wanted an agreement that included section 3.1, they should have contemplated it in the Mediation Settlement Agreement. *See Wolvos*, 668 N.E.2d at 676 (Judges may not do "for the parties what they should have done in the first place" by adding terms to an agreement.). Or they could have found a way to reach an agreement with Ms. Clark afterwards.

5

*See MH Equity*, 938 N.E.2d at 757–58 (noting that counsel separately agreed to execute releases after the parties agreed to essential settlement terms).

Nevertheless, Defendants argue that they "are not required to establish mutual assent" to section 3.1's provisions because the provisions' inclusion "is common practice in matters involving products liability claims." Magistrate Judge Garcia rejected that argument in his Report and Recommendation, because that "conclusory assertion" was "the best Defendants can offer," but was not enough because it provided no evidence of a meeting of the minds or agreement to include the provisions. Dkt. 78 at 9. This Court agrees with that reasoning, and Defendants have provided no reason in their objection to reach a different result—they simply repeat the same conclusory assertion. Dkt. 79 at 3–4.

The Court therefore adopts Magistrate Judge Garcia's report and recommendation in full and orders that the settlement agreement be enforced as revised in Exhibit D attached to Defendants' Memorandum in Support of Motion to Enforce Settlement Agreement. Dkt. 74 at 32–39.

## IV.
## Conclusion

Defendants' objection to Magistrate Judge Garcia's Report and Recommendation is **OVERRULED**, dkt. [79], and the Court **ADOPTS** the Report and Recommendation, dkt. [78]. Defendants' Motion to Enforce Settlement Agreement is **GRANTED IN PART**, dkt. [73]; the Draft Agreement is enforced in accordance with the terms as revised in Exhibit D attached to Defendants'

6

Memorandum in Support of Motion to Enforce Settlement Agreement, dkt. 74 at 32–39.

The parties **shall have through July 15, 2022** to file a stipulation of dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(ii) or a motion to dismiss under Rule 41(a)(2). If they do not do so, the Court will dismiss this case with prejudice without further warning.

**SO ORDERED.**

Date: 6/23/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Rom Byron
KEN NUNN LAW OFFICE
romb@kennunn.com

Brittney B. Rykovich
GORDON REES SCULLY MANSUKHANI
brykovich@grsm.com

Tyler G. Tarney
REMINGER CO. LPA (Columbus, OH)
ttarney@grsm.com